**Victor GRIFFIN, Plaintiff,**

**v.**

**GEORGE B. BUCK CONSULTING ACTUARIES, INC., Defendant.**

**No. 81 Civ. 4164(MEL).**

United States District Court, S.D. New York.

July 12, 1983.

---

James I. Meyerson, New York City, for plaintiff.

Kelley, Drye & Warren, New York City, for defendant; Martin D. Heyert, Alan C. Becker, New York City, of counsel.

LASKER, District Judge.

Following trial of this action in November 1982, this Court found that George B. Buck Consulting Actuaries, Inc. ("Buck") wrongfully refused to hire Victor Griffin ("Griffin") as an actuarial trainee on account of his race, in violation of Title VII of the Civil Rights Act of 1964 (the "Act"), as amended, 42 U.S.C. § 2000e *et seq.,* 551 F.Supp. 1385. The issue of relief was reserved pending development of the parties' positions through written submissions to the Court.

Griffin originally sought backpay and instatement at Buck, along with appropriate

job training. He has since obtained employment in an actuarial position with an insurance firm, and hence his claim for instatement and job training is moot. *See* letter from counsel dated April 12, 1983.

As to Griffin's claim for backpay, it is undisputed that approximately one month after his rejection at Buck he was offered a position at Huggins & Company ("Huggins"), another actuarial consulting firm. The position paid $20,000 per year; at Buck, the maximum starting salary Griffin would have received was $14,000 per year. Griffin left the position after 10 months and thereafter pursued various avenues of self-employment. None of Griffin's jobs following his employment with Huggins paid as well as the Huggins position.

Griffin argues that he is entitled to the difference between the amount he would have made at Buck during the five years since his rejection, and the amount that he actually earned at Huggins and in his other ventures during that time. Buck argues that because of Griffin's voluntary relinquishment of a better-paying job at Huggins, damages should be limited to, at most, the month's salary to which Griffin would have been entitled between his rejection by Buck and his hiring by Huggins.

██ Section 706(g) of the Act, 42 U.S.C. § 2000e–5(g) requires that a backpay award be reduced by any "interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against." When a plaintiff has obtained employment equivalent to that from which he was excluded by the defendant, and quits without adequate reason, the backpay award must be offset by the amount the plaintiff would have earned had he kept the job. *See NLRB v. Hopcraft Art & Stained Glass Works, Inc.,* 692 F.2d 63 (8th Cir. 1982); *Kinsey v. Legg Mason Wood Walker,* 23 FEP Cases 770 (D.D.C.1978).

██ Griffin has made an offer of proof, in the form of his deposition testimony, to show that he left Huggins because of his

experience in applying to Buck. Griffin asserts that, although his superiors at Huggins were well satisfied with his work and he was told by one of them that he faced a promising future at Huggins, the discrimination he encountered at Buck convinced him that he could not rely upon companies such as Buck and Huggins to provide a fair opportunity for advancement.

Griffin's deposition testimony explains his disillusionment with traditional employment paths, but in that testimony Griffin also candidly stated that this disillusionment was not the sole factor in his decision to leave Huggins. Griffin stated that his youth, his unmarried status and lack of family responsibilities, and the fact that he was "intrigued" by possibilities outside of the actuarial field all contributed to his decision to leave Huggins as well. Even giving full credence to Griffin's deposition testimony, it cannot be concluded that Buck's wrongful rejection of Griffin so influenced him that his departure from Huggins can be deemed other than a voluntary quit. In these circumstances, Griffin cannot recover backpay beyond the amount to which he would have been entitled had he remained at Huggins.

██ Accordingly, Griffin is entitled only to an amount equal to one month's pay at a salary of $14,000, to cover the month between his rejection by Buck and his hiring by Huggins. Griffin is also entitled to any amounts he would have received in fringe benefits during that month together with interest and reasonable attorneys' fees.[1] Because Griffin is no longer seeking employment, an award in the form of "front pay"—i.e., pay that may be awarded to support a plaintiff during a job search when for some reason instatement with the defendant employer is deemed inappropriate—is unavailable. *Cf. EEOC v. Kallir, Phillips, Ross, Inc.,* 420 F.Supp. 919 (S.D.N. Y.), *aff'd mem.,* 559 F.2d 1203 (2 Cir.1976), *cert. denied,* 434 U.S. 920, 98 S.Ct. 395, 54 L.Ed.2d 277 (1977).

Submit backpay judgment on notice.

---

1. The parties have agreed that Griffin's counsel's pending application for attorneys' fees will be answered by the defendant following the determination of damages.